

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2008

# Akum v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Akum v. Atty Gen USA" (2008). *2008 Decisions.* Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4389
_____

CELINE AKUM,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-533-414)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2008

Before: McKEE, NYGAARD and ROTH, Circuit Judges

(Opinion filed : November 12, 2008)
_____

OPINION
_____

PER CURIAM

        Celine Akum petitions for review of an order of the Bureau of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

        Akum, a native of Cameroon, attempted to enter the United States on February 9,

2007. On March 7, 2007, Akum was charged as removable as an immigrant not in possession of valid entry documents and for seeking to procure admission by fraud or misrepresentation. Akum conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. She argued that she would be persecuted in Cameroon on the basis of her membership in the Southern Cameroon National Council (SCNC). Akum testified that in October 2005, she was arrested, detained for eight days, and beaten by the government because she had taken part in a demonstration. She alleged that she spent two weeks in a clinic recovering from her injuries. She participated in no further activities and had no further problems until January 2007 when the police attempted to arrest her. After escaping to Nigeria, she came to the United States. The Immigration Judge (IJ) made an adverse credibility finding and also concluded that Akum had failed to sustain her burden of proof. The BIA adopted and affirmed the IJ's decision and dismissed the appeal. Akum filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We may reverse the BIA's decision only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir. 2005).

Akum argues that her airport interview should not have been relied on by the IJ in

2

determining her credibility. During this interview, Akum stated that she was a widow with six children and had come to the United States to work to support her family. When asked if she was afraid to return to Cameroon, she stated she was afraid of individuals in Cameroon to whom she owed money. Jt. App. at 322-36. The IJ contrasted these statements with the claims of government persecution in her asylum application.

This Court has emphasized that it is "'generally skeptical' of using reports of asylum interviews as the basis for finding an applicant lacks credibility where the context for such interviews is unclear." Korytnyuk v. Ashcroft, 396 F.3d 272, 289 (3d Cir. 2005). In Korytnyuk, there was nothing in the record reflecting that the asylum interview had been memorialized in writing. In Balasubramanrim v. INS, 143 F.3d 157, 162 (3d Cir. 1998), we concluded that a handwritten record of an airport interview lacked indicia of reliability. In Dia v. Ashcroft, 353 F.3d 228, 257-58 (3d Cir. 2003)(en banc), we noted that the information in the INS memorandum was not given under oath and was from a conversation in French – a language in which Dia was only somewhat conversant. Here, however, Akum was under oath and initialed each page of the typed transcription of the interview. She stated that she was comfortable answering the questions in English. She was evasive at the hearing when asked about her statements during the interview. Jt. App. at 120-27. Moreover, we note that the BIA concluded that even if the IJ had not considered the airport interview, there was sufficient support for the adverse credibility finding.

Akum argues that the credibility finding was not supported in the record.  The IJ also based the credibility finding on inconsistencies between Akum's testimony and that of her witness, Mr. Takwi, and inconsistencies in her own testimony concerning the incident when the Cameroonian police allegedly came looking for her in January 2007. These inconsistencies are supported by the testimony in the record.  We conclude that a reasonable adjudicator would not be compelled to find Akum credible.[1]

In addition to finding Akum's testimony not credible, the IJ also concluded that she failed to sustain her burden of proof of establishing past or future persecution.  The IJ found that there was no persuasive testimony concerning Akum's membership in the SCNC.  Moreover, the IJ concluded that while high-level SCNC members are often arrested and released, there was no evidence to suggest that a low-level member like Akum would be targeted by the government.  Akum argues that the IJ failed to give due consideration to the testimony of Mr. Takwi and a letter from Vincent Feko, Secretary General of the SCNC.  However, as noted earlier, the IJ considered Takwi's testimony and found it to be inconsistent with Akum's.  The IJ described Feko's letter as a form letter and found it contained embellishments.  We agree.[2]

---

[1] Because Akum filed her asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go to the heart of her claim.  8 U.S.C. § 1158(b)(1)(B)(iii).  However, Akum's challenge to the IJ's adverse credibility finding would also fail under the prior standard.

[2] Feko states that records show that Akum was arrested on October 1, 2005, but he does not mention how long she was detained or her two-week hospitalization.  Feko refers to a

4

Akum further contends that the explanation she gave for her lack of corroborating documents was reasonable. When asked why she did not provide her SCNC membership card, Akum stated that she had not sent for it initially but that it was on its way. She also said she had asked for medical records but they had not arrived. Akum did not ask for a continuance to await the arrival of these seemingly important documents. We note that she was able to timely obtain and submit her national Cameroonian ID card, her passport, her and her children's birth certificates, her marriage certificate, and her academic records.

Akum has now submitted her SCNC membership card, a medical record, and additional affidavits. However, this Court's review is limited to the record before the BIA. 8 U.S.C. § 1252(b)(4)(A)("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.") Moreover, we note that the new affidavits also contain inconsistent dates. In the affidavit of Catherine Formala, she states that Akum came to her house in 2005 after the police attempted to arrest her. However, the attempted arrest was allegedly in January 2007. The affidavit from Mr. Nikang appears to state that Akum left for Nigeria shortly after her October 2005 arrest and hospitalization. In their affidavits, Akum's husband, daughter, neighbor,

---

"precise account" of a February 9, 2007, attempted arrest from a neighbor of Akum's who had not seen her since then. C.A.R. at 256. However, on that date, Akum was detained when she attempted to enter the United States. Feko also stated that he confirmed an October 2001 arrest of Akum. However, Akum did not allege such an arrest and did not become a member of the SCNC until August 2005.

and brother all state that the attempted arrest occurred in January 2006. Thus, these affidavits seem unhelpful to Akum.

Akum has not shown that the record compels a finding of past persecution or a well-founded fear of future persecution on the basis of political opinion. Nor has she shown that the record compels a finding that her life would be threatened or that she would be tortured if removed to Cameroon so as to entitle her to withholding of removal or relief under the CAT. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R § 208.16(c)(2).

Accordingly, we will deny the petition for review. Akum's motion for leave to file a supplemental appendix is denied.